Edward Ashness, p. a.
vs.
Guido Apercerno

} No. 73256.

William Ashness
vs.
Guido Apercerno

} No. 73257.

November 26, 1928.

SUMNER, J. The plaintiffs, namely, minor son and father, have brought suits in trespass for damages alleging that the defendant drove his automobile against the son, Edward Ashness.

The jury returned a verdict for the defendant in both cases and the plaintiffs have filed their motions for new trials.

A sister of the minor plaintiff Edward testified that she sent the boy across the street at a time when there were no motor cars in sight; that shortly after he started an automobile appeared some 100 to 150 feet away, which, going at the rate of 25 miles an hour, ran down Edward, a boy 5 years and 5 months at the time, striking him on its left front. She said there was no other traffic in the street.

The defendant said that he did not see the boy until after the accident, although he felt the shock of the collision. The defendant's wife, who was sitting in the rear seat, testified that she first saw the boy when he came in contact with the rear mudguard of the car. The defendant admits that

the child was two-thirds across the road when he was struck. The boy was picked up with a large bump on his forehead and other bruises. Dr. Fidanza said he suffered a concussion of the brain.

The wife of the defendant among other improbable statements said the boy got up after the accident and ran back across the street.

The defence laid stress upon the alleged fact that the boy's sister, who had charge of him, allowed him to cross the street under dangerous conditions, trying to impress the jury with the idea that it was the negligence of the boy's sister which caused the accident rather than the negligence of the defendant. It is strange that the defendant did not see the boy, even if his version of the accident is true, because he must have passed very close to him as it was only a fraction of a second afterwards when the car struck the boy. The conclusion of the Court is that the defendant was not looking and for that reason did not see the boy.

See Gouin vs. Ryder, 38 R. I. p. 31.

The boy was not placed upon the stand, perhaps because of the claim of the plaintiffs that he had not recovered from his concussion of the brain. The intelligence of a boy 5 years and 5 months old is not large, and in view of the fact that he was told by his sister that he might cross the street, it would hardly seem that he could be charged with negligence.

The plaintiff's motions for new trials are granted.

For plaintiffs: Harlow & Boudreau.

For defendant: Benj. Cianciarulo.